## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KOLIBRI ENERGY US INC.       §
F/K/A BNK PETROLEUM (US) INC. §
        §
     *Plaintiff,*        §
        §
v.         §     CIVIL ACTION NO. _____
        §
J2B CONSULTING, LLC and    §
MID-CONTINENT CASUALTY COMPANY, §
        §
     *Defendants*.     §

## <u>PLAINTIFF KOLIBRI ENERGY US INC.'S ORIGINAL COMPLAINT</u>

Plaintiff, Kolibri Energy US Inc. (f/k/a BNK Petroleum (US) Inc.), files this Original Complaint against J2B Consulting, LLC and Mid-Continent Casualty Company and respectfully shows as follows:

### I.     <span style="font-variant:small-caps">Parties & Service</span>

1. Plaintiff Kolibri Energy US Inc. f/k/a BNK Petroleum (US) Inc.) ("BNK") is a for-profit corporation incorporated in the State of Texas with its principal place of business in Camarillo, California.

2. Defendant J2B Consulting, LLC ("J2B") is an Oklahoma limited liability company with its principal place of business in Weatherford, Oklahoma. J2B may be served through its registered agent, Jason Berry, 1912 Linwood Drive, Weatherford, Oklahoma 73096.

3. Defendant Mid-Continent Casualty Company ("Mid-Continent") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Mid-Continent may be served through its registered agent, United Agent Group, Inc, 624 S. Denver Ave. #300, Tulsa, Oklahoma 74119.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.    This Court has personal jurisdiction because Defendants are citizens of Oklahoma.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant J2B resides in the Western District of Oklahoma.

## III.    FACTUAL BACKGROUND

**A.    The BNK – J2B Master Services Agreement**

7.    BNK Petroleum (US) Inc. ("BNK") and J2B entered into a Master Services Agreement for Services Ancillary to Drilling, Completion or Production Operations on May 25, 2023 (the "MSA"). A true and correct copy of the Master Services Agreement is attached hereto as Exhibit "A."

8.    The MSA refers to BNK as "Operator" and to J2B as "Contractor."

9.    The MSA defines "Operator Group" as "the Operator, its parent, subsidiaries and affiliated or related companies, its contractors of any tier furnishing services in connection with the Work Program and their respective employees, directors, agents and invitees which are not members of the Contractor Group."[1] The MSA defines "Contractor Group" to mean "the Contractor, its parents, subsidiaries and affiliated or related companies, its subcontractors of any tier furnishing services in connection with the Work Program and their respective employees, directors, agents and invitees."[2] The MSA defines "Work Program" as "the work program including in particular geological, drilling, construction, workover and completion activities,

---

[1] Exhibit A, MSA, Section 11.1(b).
[2] Exhibit A, MSA, Section 11.1(a).

undertaken on any of the Operating Area, and other operations, as described in the SO [service order]."[3]

10.     The MSA provides that J2B, as Contractor, shall indemnify BNK, as Operator, for claims for injury to any member of Contractor Group, which includes J2B's subcontractors. Section 11.5 of the MSA provides, "[t]he Contractor shall indemnify the Operator Group against any Claims for injury to or death of any of the Contractor Group, notwithstanding any negligence or other legal fault causing such injury or death by any of the Operator Group."[4] The MSA defines Claims as "any and all claims, liabilities, demands, causes of action, liabilities, damages, judgments, awards, losses, costs and expenses (including legal fees on a party/party basis and costs of litigation) of any kind or character."[5]

11.     The MSA's indemnity agreement applies without regard to the negligence of the indemnified party. Section 11.12.1 of the MSA provides, "[e]xcept as otherwise specifically provided in his Agreement, the indemnities and exclusions contained in this Agreement shall apply without regard to the cause or causes thereof including, but not limited to strict liability, breach of warranty (express or implied), breach of contract, breach of duty (statutory or otherwise), pre-existing condition (patent or latent) or the negligence of any party or parties, including the party indemnified or benefiting from an exclusion of liability and any of its subcontractors employees, servants or agents and whether such negligence be sole, joint or concurrent, active or passive or gross, and irrespective of the legal basis for the Claim, except if caused by the willful misconduct of the indemnified party."[6]

---

[3] Exhibit A, MSA, Section 1.
[4] Exhibit A, MSA, Section 11.5.
[5] Exhibit A, MSA, Section 1.
[6] Exhibit A, MSA, Section 11.12.1.

12.     The indemnity agreement in favor of BNK extends to all members of Operator Group and their respective insurers.[7]

13.     The MSA also includes requirements for J2B to maintain general third-party liability insurance for death, personal injury and property damage in an amount not less than $5 million for any occurrence. The MSA requires J2B's general liability insurance to be endorsed to provide that BNK is named as additionally insured to the extent of the liabilities assumed by J2B under the MSA, and that the underwriters waive their rights of recourse on BNK and BNK's other contractors to the extent of J2B's indemnities.[8] Further, any deductible under the general liability policy shall by paid by J2B without resource against BNK.[9]

14.     Section 1.3 of the MSA states, "all questions arising out of this Agreement or its validity, interpretations, performance or breach shall be governed by the laws of the State of Texas."[10]

**B.     J2B – Brawner Master Work Agreement**

15.     J2B and Shane Brawner entered into an undated Independent Contractor Master Work Agreement under which the parties agreed that Brawner would be an "independent contractor" of J2B with respect to any work to be performed (the "Brawner Contractor Agreement"). A true and correct copy of the Brawner Contractor Agreement is attached hereto as Exhibit "B."

**C.     Brawner Lawsuits**

16.     On October 17, 2025, Bobby Shane Brawner filed suit against BNK, Crescent Energy Company, Crescent Energy Operating, LLC in Cause Number 202579370 in the 270th

---

[7] Exhibit A, MSA, Section 11.12.2.
[8] Exhibit A, MSA, Sections 10.1 and 10.2.
[9] Exhibit A, MSA, Section 10.3.
[10] Exhibit A, MSA, Section 1.3.

District Court of Harris County, Texas (the "Brawner Texas Lawsuit") asserting causes of action of negligence and gross negligence against all defendants for personal injuries allegedly sustained when a light plant ignited natural gas that escaped from an open-top frac tank at a wellsite operated by BNK and/or Cresent on January 4, 2024 (the "Incident").[11] A copy of Plaintiff's Original Petition in the Brawner Texas Lawsuit is attached hereto as Exhibit "C." On March 9, 2026, Brawner filed his Fourth Amended Petition in the Brawner Texas Lawsuit, asserting causes of action against BNK, New Tech Global Ventures, LLC f/k/a Crescent Consulting, LLC ("Crescent Consulting"), Liberty Energy, Inc. ("Liberty"), Black Mountain Flowback, LLC ("Black Mountain"), Beck Crane & Rigging, LLC ("Beck Crane"), Tyson Hendrix ("Hendrix"), Old School Consulting, LLC ("Old School"), and Renfroe's Oilfield Service, LLC ("Renfroe's").[12] Brawner asserts claims of negligence and gross negligence against all Defendants and seeks damages "in an amount greater than $1,000,000."[13]

17.     Brawner also filed suit against BNK, Crescent Consulting, Liberty, Black Mountain, Beck Crane, Hendrix, Old School, and Renfroe's in Case No. CJ-2025-9493 in the District Court of Oklahoma County, Oklahoma (the "Brawner Oklahoma Lawsuit") on December 29, 2025 for personal injuries allegedly sustained as a result of the Incident. A true and correct copy of Plaintiff's Petition in the Brawner Oklahoma Lawsuit is attached hereto as Exhibit "E." In the Brawner Oklahoma Lawsuit, Brawner asserts causes of action of negligence and gross negligence against all Defendants and seeks damages over $75,000.[14]

---

[11] Exhibit C, Plaintiff's Original Petition in the Brawner Texas Lawsuit.
[12] Exhibit D, Plaintiff's Fourth Amended Petition in the Brawner Texas Lawsuit.
[13] Exhibit D, Plaintiff's Fourth Amended Petition in the Brawner Texas Lawsuit, Paragraph 79.
[14] Exhibit E, Plaintiff's Petition in the Brawner Oklahoma Lawsuit Paragraphs 14 and 26-30.

**D.      Tender of Defense**

18.      Brawner, as a contractor of J2B, is a member of "Contractor Group" under the MSA. Therefore, the MSA requires J2B to defend and indemnify BNK and its contractors for Brawner's lawsuits.

19.      On November 11, 2025, Travelers, who was BNK's general liability insurer at the time of the Incident, tendered the Brawner Texas Lawsuit to J2B and its agent, Berrong Insurance Agency, on behalf of BNK and BNK's contractors seeking defense and indemnity from J2B and additional insured status pursuant to the MSA between the parties. A true and correct copy of the tender letter is attached hereto as Exhibit "F."

20.      On March 10, 2026, Mid-Continent Casualty Company ("Mid-Continent"), J2B's primary and excess insurer, responded to Travelers' tender. Mid-Continent denied the request for defense and indemnity advised that BNK did not qualify as an insured under J2B's general liability policy (Policy No. GL 1098927 with effective dates of June 1, 2023 to June 1, 2024) (the "Primary Policy") or excess policy (Policy No. XS 229118 with effective dates of June 1, 2023 to June 1, 2024) (the "Excess Policy").[15] A true and correct copy of Mid-Continent's response to Travelers' tender is attached hereto as Exhibit "G."

21.      J2B has not responded to the tender.

### IV.      CAUSES OF ACTION AGAINST J2B

**A.      Count 1 - Breach of Contract as to J2B**

22.      Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

---

[15] Exhibit G, Mid-Continent's Response to Traveler's Tender, dated March 10, 2026.

23. The MSA requires J2B to defend and indemnify BNK and its contractors for the Brawner Texas Lawsuit and the Brawner Oklahoma Lawsuit. However, J2B has not provided defense and indemnity to BNK or its contractors for the Brawner Texas Lawsuit or the Brawner Oklahoma Lawsuit. J2B's failure to defend and indemnify BNK and its contractors constitutes a breach of the MSA between J2B and BNK.

24. J2B also failed to have BNK named as an additional insured under its third-party general liability insurance as required by Sections 10.1 and 10.2 of the MSA. Such failure also constitutes a breach of the MSA between J2B and BNK.

25. BNK has suffered, and continues to suffer, damages as a result of J2B's breach of contract because it is defending itself in the Brawner Texas Lawsuit and Brawner Oklahoma Lawsuit.

**B.     Count 2 - Declaratory Judgment as to J2B's Duty to Defend and Indemnify**

26. Pursuant to 28 U.S.C. § 2201(a) (the Declaratory Judgment Act), BNK seeks a judicial declaration including, but not limited to, the following:

a. Texas law applies to the MSA.

b. J2B is bound by the terms of the MSA for the Incident.

c. J2B is contractually obligated to defend and indemnify BNK and its contractors in the Brawner Texas Lawsuit.

d. J2B is contractually obligated to defend and indemnify BNK and its contractors in the Brawner Oklahoma Lawsuit.

**V.      CAUSES OF ACTION AGAINST MID-CONTINENT**

**C.     Count 3 - Breach of Contract as to Mid-Continent**

27. Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

28. Upon information and belief, BNK is an additional insured under the Primary Policy and Excess Policy issued by Mid-Continent to J2B.

29. Upon information and belief, the Primary Policy and/or Excess Policy provide coverage to BNK and its contractors as additional insureds due to the contract between BNK and J2B.

30. Upon information and belief, Mid-Continent has a duty to defend BNK and its contractors in the Brawner Texas Lawsuit and Brawner Oklahoma Lawsuit under the Primary Policy and/or Excess Policy as additional insureds.

31. Mid-Continent breached the terms of the Primary and/or Excess Policies by failing to defend BNK and its contractors in the Brawner Texas Lawsuit and Brawner Oklahoma Lawsuit.

32. BNK has suffered, and continues to suffer, damages as a result of Mid-Continent's breach of the policy because it is defending itself in the Brawner Texas Lawsuit and Brawner Oklahoma Lawsuit.

**D. Count 4 - Declaratory Judgment Against Mid-Continent**

33. Pursuant to 28 U.S.C. § 2201(a) (the Declaratory Judgment Act), BNK seeks a judicial declaration including, but not limited to, the following:

   a. BNK and its contractors are additional insureds under the Mid-Continent primary and excess policies issued to J2B, and as such, Mid-Continent has a duty to defend and indemnify BNK and its contractors in the Brawner Texas Lawsuit.

   b. BNK and its contractors are additional insureds under the Mid-Continent primary and excess policies issued to J2B, and as such, Mid-Continent has a duty to defend and indemnify BNK and its contractors in the Brawner Oklahoma Lawsuit.

**VI. DAMAGES AND REQUEST FOR ATTORNEYS' FEES**

34. Plaintiff is entitled to actual damages resulting from Defendants' breach of contract.

35.     As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

36.     Plaintiff is entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 33.001 as to its breach of contract claims against J2B and Mid-Continent.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Kolibri Energy US Inc. (f/k/a BNK Petroleum (US) Inc.), requests that Defendants J2B Consulting, LLC and Mid-Continent Casualty Company be cited to appear and to answer herein and for judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court. Plaintiff further requests all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: *Bruce R. Wilkin*
    **Bruce R. Wilkin**
    Oklahoma Bar No. 35470
    Western District of Oklahoma Bar No. 15-166
    bwilkin@shackelford.law
    **Kail W. Hidalgo**
    Oklahoma Bar No. 36008
    Western District of Oklahoma Bar No. 22-128
    khidalgo@shackelford.law

    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

ATTORNEYS FOR PLAINTIFF
KOLIBRI ENERGY US INC.
(F/K/A BNK PETROLEUM (US) INC.)